IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOUHAMED CAMARA,<br>*Defendant*. | CRIMINAL No. ELH-18-0341 |

**MEMORANDUM**

In an Indictment filed on June 21, 2018 (ECF 1), defendant Mouhamed Camara was charged with carjacking, in violation of 18 U.S.C. § 2119(1) (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). *Id.*

Pursuant to a Plea Agreement (ECF 24), on April 2, 2019, defendant entered a plea of guilty to Counts One and Two of the Indictment. ECF 23. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a total sentence of 120 months of imprisonment. ECF 24, ¶ 8. At sentencing on June 27, 2019 (ECF 29), the Court sentenced defendant to 36 months of incarceration as to Count One, and 84 months of incarceration as to Count Two, consecutive to Count One, for a total term of 120 months. ECF 32 (Judgment); ECF 33 (Statement of Reasons).

Defendant, who is now self-represented, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). ECF 37 (the "Motion"). The Motion is based on Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). In the Motion, defendant contends that, with recent changes in the law, he believes that if he were sentenced today, he would receive a lesser sentence. *Id.* at 1.

1

The government opposes the Motion. ECF 41 ("Opposition"). According to the government, defendant is ineligible for relief pursuant to Amendment 821 "because his criminal history category is not affected by Amendment 821 and his sentence remains below the applicable advisory guidelines range." *Id*. at 1; *see* ECF 27, Presentence Report ("PSR"), ¶ 70.

The Office of the Federal Public Defender has provided notice to the Court that it does not intend to supplement the Motion. ECF 39. Defendant has not replied.

Defendant has ably asserted his argument. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

For the reasons that follow, I shall deny the Motion.

### I.     Factual and Procedural History

The Plea Agreement (ECF 24) contains a detailed stipulation of facts in Attachment A. *Id.* at 11-12. The stipulation established that on the morning of January 9, 2018, the victim "started her car to warm the engine and was scraping ice off of the windows when she noticed a black male on the other side of the street. *Id.* at 11. When she turned around, the black male pointed a gun in her face. "The black male did not say anything." In fear of bodily harm, the victim ran for safety. The male entered the victim's car, a 2010 Toyota Corolla, and drove away. The victim's cellphone and purse were inside the vehicle. *Id.*

The vehicle was located by Baltimore County Police in an apartment complex in Reisterstown, Maryland. Detectives placed a GPS tracker on the vehicle to track its movements. A short time later, the vehicle was observed traveling towards Hanover Pike and onto I-795 South. Detectives followed the vehicle and then conducted a traffic stop. Defendant was the operator and sole occupant of the vehicle. *Id.* A cellphone was recovered from him. *Id.*

Defendant was taken to police headquarters, where he waived his rights and agreed to be interviewed. Defendant admitted to detectives that he carjacked the 2010 Toyota Corolla on

January 9, 2018. But, he denied that he possessed a handgun or threatened the victim. Defendant told the detectives that he threw the victim's purse and other belongings in a dumpster close to where he stole the vehicle. *Id.* As to the clothing that defendant wore during the carjacking, defendant said that he placed them in a black backpack and discarded the backpack in a dumpster. *Id.* Detectives searched dumpsters but did not find either the victim's belongings or the backpack. *Id.*

A search of defendant's "cellphone revealed a photo of a black semi-automatic handgun that appeared to be a Sig Sauer handgun." *Id.* The picture of the handgun was consistent with the description provided by the victim. Also on defendant's cellphone was a picture taken the day before of defendant's girlfriend. The geolocation stamp showed that the phone was taken either at or near defendant's residence in Reisterstown. *Id.*

Detectives executed a search warrant at the residence on January 10, 2018. At the residence, defendant's girlfriend and another male were exiting the residence. *Id.* at 11-12. Defendant's girlfriend told detectives that defendant was living at the residence and that he had a black backpack inside. A search of the residence revealed a loaded Sig Sauer, .40 caliber handgun, a black backpack, and some clothing belonging to the defendant. *Id.* at 12. Defendant stipulated that he brandished the firearm during the carjacking. *Id.*

Defendant had a final offense level of 19. ECF 27, ¶¶ 20-29. The PSR reflected that defendant had a criminal history score of seven points. *Id.* ¶ 38. But, two status points were added because defendant was under probation supervision at the time of the offenses. *See id.* ¶¶ 36, 39. This increased defendant's criminal history score to nine points. *Id.* ¶ 40. Regardless of whether defendant had seven points, eight pints, or nine points, these scores result in a criminal history category of IV.

3

Defendant was 29 years of age at sentencing.  ECF 27 at 3.  With an offense level of 19 and a criminal history category of IV, the Guidelines for Count One call for a sentence ranging from 46 to 57 months of incarceration.  *Id.* ¶ 70.  And, for Count Two, the Court was then, as now, statutorily required to impose a mandatory minimum sentence of 84 months, consecutive to the sentence for Count One.  *Id.*  Thus, Camara's total advisory sentencing guidelines range was 130-141 months.  ECF 41 at 3.

Consistent with the plea agreement, the government sought a total sentence of 120 months of incarceration.  ECF 24, ¶ 8.  As noted, the Court sentenced defendant to 36 months as to Count One and 84 months as to Count two, to run consecutive to Count One, for a total term of 120 months of incarceration.  ECF 32, ECF 33.

Defendant is presently incarcerated at Florence Federal Correctional Complex (search by BOP Register Number 64250-037), https://www.bop.gov   He has a projected release date of September 9, 2026.  *Id.*

Additional facts are included in the Discussion.

## II.  The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).

4

But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.

Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024). Part A, which is pertinent here, pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also United States v. Barrett*, ___ F.4th ___, 2025 WL 920997, at *2 (4th Cir. Mar. 27, 2025). Prior to the amendment, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

5

Notably, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e). "The Sentencing Commission gave retroactive effect to the amended Guideline . . . beginning on February 1, 2024." *Moore*, 2024 WL 2828103, at *1.

Part B provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a):

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 2025 WL 920997, at *7, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17). But, this is not a case where the reduction from nine status

6

points to eight points has any bearing on defendant's offense level under U.S.S.G. § 2D1.1(b)(17). *See Barrett*, 2025 WL 920997, at *3.

### III. Discussion

Defendant argues that he feels that because he committed "an offense while on supervised release/parole/probation/term of imprisonment, . . ." that he qualifies for relief under the amendment. ECF 37 at 1. Defendant is correct that two points were initially added to his criminal history score, under what was then U.S.S.G. § 4A1.1(d). *See* ECF 27, ¶ 39. The two points were added because, at the time of the underlying offense, defendant was on probation supervision for the State offenses referenced in ECF 27, ¶¶ 35, 37. Thus, because of the status points, defendant's initial criminal history score was increased from seven points to nine points. *Id.* ¶ 38, 40.[1] Nine points results in a criminal history category of IV. *Id.* ¶ 40.

However, under the current provision, defendant would be assigned only one status point, yielding a criminal history score of eight points. But, whether a defendant has seven points, eight points, or nine points, these scores all result in a criminal history category of IV.

Put simply, the status points are irrelevant in this case with regard to defendant's criminal history category. Nor does a reduction to eight points alter defendant's offense level under U.S.S.G. § 2D1.1(b)(17). It follows that defendant is ineligible for a sentence reduction on the basis of Amendment 821, Part A. Nor does defendant satisfy Part B of Amendment 821. *See* U.S.S.G. § 4C1.1(a).

Moreover, 18 U.S.C. § 3582(c)(2) permits a court to modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has *subsequently* been lowered by the

---

[1] One of defendant's prior offenses did not score points. *See* ECF 27, ¶ 34.

7

Sentencing Commission . . . ." (Emphasis added). But, defendant was not sentenced based on a sentencing range that has "subsequently" been lowered.

### III. Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 37). An Order follows, consistent with this Memorandum.

Date:   April 9, 2025                                          /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge